UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
——————————————————————X

LOUIS MORGAN,

                Plaintiff,

   -against-

1207-9 DEAN STREET CORPORATION,
NEW LIFE CHRISTIAN MISSIONARY,
SECRETARY OF HOUSING AND URBAN
DEVELOPMENT, DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT,

                Defendants.
——————————————————————X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 25 2006 ★
P.M. _____
TIME A.M. _____

**MEMORANDUM AND ORDER**

06-CV-1798 (SLT)

**TOWNES, United States District Judge:**

On April 17, 2006, plaintiff, appearing *pro se*, filed the instant complaint seeking a declaratory judgment concerning a dispute over title to an apartment located at 1209 Dean Street in Brooklyn (the "property"). The next day, plaintiff filed a "Request for Preliminary Injunction" and an "Affidavit in Support [of] Order to Show Cause" ("Aff."), requesting an immediate resolution of the dispute so as to prevent defendants from commencing eviction proceedings against him. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), but dismisses the complaint and denies plaintiff's request for a preliminary injunction for the reasons set forth below.

## BACKGROUND

This is the third occasion that this Court has turned its attention to plaintiff's efforts to gain title to the property. On January 3, 2006, plaintiff, appearing *pro se*, filed an action against the Secretary and Department of Housing and Urban Development (the "HUD defendants"), alleging

that he has lived at the property since 1991 and therefore has acquired title to it by adverse possession. *See Morgan v. Sec'y of Hous. and Urban Dev., et al.*, No. 06-CV-0035 (SLT) (E.D.N.Y.). Plaintiff invoked this Court's jurisdiction pursuant to 18 U.S.C. § 1001; however, finding that this federal criminal statute does not provide a private right of action, the Court determined that it was without jurisdiction to hear plaintiff's complaint. *Id.*, slip op. at 3-4 (E.D.N.Y. Jan. 11, 2006). The Court also held that his adverse possession claims are more appropriately raised in state court. *Id.* The Court offered no opinion as to the merits of plaintiff's state law claims, which also included tort claims of fraud, misrepresentation, and trespass.

Plaintiff subsequently filed an action against the HUD defendants in Supreme Court of the State of New York, Kings County, and on March 2, 2006, the HUD defendants filed a Notice of Removal, seeking to remove the action to this Court pursuant to 28 U.S.C. § 1441(a)(1). *See Morgan v. Sec'y of Hous. and Urban Dev., et al.*, No. 06-CV-0952 (SLT) (E.D.N.Y.). By order dated March 28, 2006, this Court granted defendants' petition for removal and dismissed the action. *Id.*, slip op. at 5 (E.D.N.Y. Mar. 28, 2006). The Court held that the action was properly removed pursuant to 28 U.S.C. § 1442(a)(1), which states that a state court action may be removed to the district court if the "United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof [is] sued in an official or individual capacity for any act under color of such office." *Id.*, slip op. at 2-3. The Court dismissed plaintiff's adverse possession claims against the HUD defendants as prohibited by the Quite Title Act–28 U.S.C. 2409 a(n)–which precludes cases against the United States based on adverse possession. *Id.*, slip op. at 4. The Court noted that it would not speculate as to whether plaintiff may pursue a state adverse possession claim against a non-governmental party who has title over the property. *Id.*

Furthermore, the Court dismissed plaintiff's tort claims against the HUD defendants as administratively barred by the Federal Tort Claims Act. *Id.*, slip op. at 4-5.

Plaintiff asserts that the instant action is "shorn of the adverse possession and tort claims and limited to a request for declaratory relief." Compl. ¶ 3. In addition to the HUD defendants, plaintiff names 1207-9 Dean Street Corporation and New Life Christian Missionary as defendants. Plaintiff alleges that over the years, title to the property has been transferred among the defendants and that the title transfers are all invalid. *See id.* ¶¶ 17-20. As a result, he requests that this Court issue a declaration that defendants "are not, and never were, the owners" of the property. *Id.* at 6. Plaintiff requests a preliminary injunction, as the Secretary of Housing and Urban Development has filed a residential holdover proceeding against him in Civil Court, Kings County, and a hearing has been scheduled for April 25, 2006. *See* Aff., Ex. C. Plaintiff alleges that if he is "evicted and [his] apartment is rented to a third person, [he] will suffer prejudice and irreparable harm." *Id.* ¶ 4.

## DISCUSSION

A.   <u>Standard of Review</u>

In reviewing plaintiff's motion and complaint, the Court is mindful that because plaintiff is proceeding *pro se*, his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). However, "[i]t is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction. Unlike failure of personal jurisdiction, failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534,

541 (1986)); *United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994)). Accordingly, "before deciding any case we are required to assure ourselves that the case is properly within our subject matter jurisdiction." *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001) (citations omitted).

Further, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action shall be dismissed under § 1915 when "the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (quotation and citations omitted).

B.   Declaratory Judgment Act

The Court liberally construes the instant action as brought pursuant to the Declaratory Judgment Act, which affords district courts broad discretion in determining whether to hear declaratory actions. *See* 28 U.S.C. § 2201(a) ("[A]ny court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration ... .") (emphasis added); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282-83, 287-88 (1995). In choosing whether to exercise jurisdiction, a court must consider "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty," and may also consider "[3] whether the proposed remedy is being used merely for 'procedural fencing' or a 'race to res judicata;' [4] whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; and [5]

whether there is a better or more effective remedy." *Dow Jones & Co., Inc. v. Harrods, Ltd.*, 346 F.3d 357, 359 (2d Cir. 2003) (internal citations omitted). However, the Declaratory Judgment Act does not expand the jurisdiction of the federal courts, and it cannot be used to confer federal jurisdiction over a suit seeking the declaration of rights under state law. *See, e.g., Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950); *People of State of Ill. ex rel Barra v. Archer Daniels Midland Co.*, 704 F.2d 935, 941 (7th Cir. 1983); *Ashline v. Martinez*, No. 3:05CV1028SRU, 2006 WL 141629, at *3 (D. Conn. Jan. 18, 2006). Furthermore, where there is a related pending state court proceeding, the district court should exercise caution before assuming jurisdiction. *Wilton*, 515 U.S. at 283 ("where another suit involving the same parties and presenting another opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in gratuitous interference ... if it permitted the federal declaratory action to proceed") (internal quotation omitted).

Plaintiff is clearly seeking a declaration of rights under state law, and, thus, the Declaratory Judgment Act does not provide this Court with a basis for jurisdiction. *See Ashline*, 2006 WL 141629, at *3 (plaintiff "cannot transform his state law claim into a federal claim by seeking a declaration of his rights under state law"). Furthermore, even if this Court had jurisdiction, it would decline to exercise it in this case. Plaintiff could use a declaratory judgment in his favor by this Court for its res judicata effect in his upcoming state court action, and this would "improperly encroach on the domain" of the state court. Thus, if this Court were to balance the factors set forth in *Dow Jones*, it would find that these factors militate in favor of declining to exercise jurisdiction under 28 U.S.C. § 2201(a). *See Ashline*, 2006 WL 141629, at *3; *see also The Travelers Indem. Co. v. Phillips Elecs. North Am. Corp.*, No. 02 Civ. 9800, 2004 WL 193564, at * 3-4 (S.D.N.Y. Feb. 3,

5

2004) (abstention warranted in a declaratory judgment action where there was a parallel state court action, in which the parties' claims were before the state court or might have been adjudicated, state law would govern resolution of the claims, and the state court suit was progressing rapidly).

## CONCLUSION

For the reasons stated above, this Court is without jurisdiction to hear the instant action, and and hereby dismisses the complaint. Fed. R. Civ. P. 12(h)(3). Plaintiff's request for a preliminary injunction is denied, and the Clerk of Court is directed to close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
April 20, 2006